

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SYLVIA CANALES PIERSON,<br><br>Defendant. | CR 13–12–M–DLC<br><br>ORDER |

Before the Court is Defendant Sylvia Pierson's ("Pierson") Motion to Terminate Supervised Release. (Doc. 100.) On November 26, 2013, Pierson was sentenced to 24 months imprisonment and five years of supervised release for Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 846. (Doc. 92.) Pierson successfully completed her term of imprisonment and began supervised release on March 17, 2015. The term of supervised release expires on March 16, 2020. Pierson violated her supervision on March 13, 2017, by testing positive for oxycodone. (Doc. 99.) No action was taken by the probation office or this Court because it was described as a one-time use of oxycodone. She has maintained compliance with supervision since that incident.

"The correct legal standard for deciding a motion to terminate supervised

release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). The defendant must serve at least one year of her supervised release term, and assumes the burden of showing that early termination of supervised release is justified. 18 U.S.C. § 3583(e)(1); *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

In light of the referenced subset of section 3553(a) factors, specifically including the nature and circumstances of the offense, defendant's history and characteristics, and defendant's supervised release violation that occurred on March 13, 2017, the Court finds that Pierson has not shown that early termination of supervised release is justified. Pierson has only served half of her ordered supervised release term and it is the practice of this Court to have all defendants serve at least two-thirds of the total term imposed. Furthermore, Pierson's recent relapse in her sobriety does not warrant early termination at this time. While the Court appreciates that Pierson has maintained employment, maintains a home for her and her family, and has been sober for approximately one year, the Court does

not find that it is in the best interest of Pierson or society to release her from supervision at this time. (Doc. 100 at 1.)

Accordingly, IT IS ORDERED that Pierson's Motion to Terminate Supervised Release (Doc. 100) is DENIED.

DATED this 25th day of January, 2018.

Dana L. Christensen, Chief Judge
United States District Court